[Civ. No. 58704. Second Dist., Div. Four. Feb. 19, 1981.]

W. J. LEWIS CORPORATION, Plaintiff and Appellant, v.
C. HARPER CONSTRUCTION COMPANY, INC.,
Defendant and Respondent.

28

**COUNSEL**

Hugo William Anderson, Jr., for Plaintiff and Appellant.

Harry C. Flynn for Defendant and Respondent.

**OPINION**

**KINGSLEY, Acting P. J.**—Plaintiff appeals from a judgment for defendant in an action based on an alleged breach of statutory duty. We affirm.

Defendant, as prime contractor, submitted a bid to the Culver City Redevelopment Agency for certain work proposed by that agency. Pursuant to section 4104 of the Government Code, it listed in its bid the name of plaintiff (who had submitted an oral bid) as the subcontractor for certain underground work called for in the proposed project. Defendant's bid was accepted. It submitted to plaintiff a form of subcontract, which plaintiff refused to execute, demanding a subcontract containing other and different terms. After some period of negotiations, and with time for beginning performance running out, defendant sought from the agency, and received, permission to perform the underground work in question itself. ■ Plaintiff here sues for damages, alleging that defendant had breached a statutory duty by eliminating it.[1] The trial court found against plaintiff; we agree.

---

[1] The listing of plaintiff in the bid did not amount to an acceptance of plaintiff's bid (*Southern Cal. Acoustics Co. v. C. V. Holder, Inc.* (1969) 71 Cal.2d 719, 722-723 [79

Section 4107, subdivision (a) of the Government Code provides: "No prime contractor whose bid is accepted shall:

"(a) Substitute any person as subcontractor in place of the subcontractor listed in the original bid, except that the awarding authority, or its duly authorized officer, may, except as otherwise provided in Section 4107.5, consent to the substitution of another person as a subcontractor:

"(1) When the subcontractor listed in the bid after having had a reasonable opportunity to do so fails or refuses to execute a written contract, when such written contract, based upon the general terms, conditions, plans and specifications for the project involved or the terms of such subcontractor's written bid, is presented to him by the prime contractor,

"(2) When the listed subcontractor becomes bankrupt or insolvent, or

"(3) When the listed subcontractor fails or refuses to perform his subcontract or

"(4) When the listed subcontractor fails or refuses to meet the bond requirements of the prime contractor as set forth in Section 4108, or

"(5) When the prime contractor demonstrates to the awarding authority, or its duly authorized officer, subject to the further provisions set forth in Section 4107.5, that the name of the subcontractor was listed as the result of an inadvertent clerical error, or

"(6) When the listed subcontractor is not licensed pursuant to the Contractors License Law, or

"(7) When the awarding authority, or its duly authorized officer, determines that the work performed by the listed subcontractor is substantially unsatisfactory and not in substantial accordance with the plans and specifications, or that the subcontractor is substantially delaying or disrupting the progress of the work.

"Prior to approval of the prime contractor's request for such substitution the awarding authority, or its duly authorized officer, shall give

---

Cal.Rptr. 319, 456 P.2d 975]); thus plaintiff here can prevail only if the statutes on governmental bidding imposed on it a duty apart from contract.

notice in writing to the listed subcontractor of the prime contractor's request to substitute and of the reasons for such request. Such notice shall be served by certified or registered mail to the last known address of such subcontractor. The listed subcontractor who has been so notified shall have five working days within which to submit written objections to the substitution to the awarding authority. Failure to file such written objections shall constitute the listed subcontractor's consent to the substitution.

"If written objections are filed, the awarding authority shall give notice in writing of at least five working days to the listed subcontractor of a hearing by the awarding authority on the prime contractor's request for substitution."

The trial court found that, by its conduct, plaintiff fell within paragraph (1) of the above quoted subdivision. It is not contested that defendant duly sought permission, on that ground, to substitute itself for plaintiff and that the agency not only approved that request but, by formal action, "directed" such substitution.[2]

As we understand its position here, plaintiff claims that, although the statute above quoted requires the *agency* to give to a listed subcontractor notice of such a request and to hold a hearing thereon, no such notice was given to it. We conclude that, if such be the fact, defendant is not at fault because it, rather than the agency, was not required by the statute to give notice of the request.

Plaintiff here relies chiefly on *Southern Cal. Acoustics Co. v. C. V. Holder, Inc.* (1969) 71 Cal.2d 719 [79 Cal.Rptr. 319, 456 P.2d 975]. That reliance is misplaced.

In *Holder* the prime contractor had, with the consent of the public agency therein involved, substituted a different subcontractor on the ground that it had made a clerical error in listing the then plaintiff instead of the subcontractor it intended to list. The holding, based on the statutes, then in force, did not set forth such ground as a permissible basis for substitution. Holding that the then plaintiff had justifiably relied on the original listing, the Supreme Court held that the contrac-

---

[2]Contrary to the suggestion in plaintiff's reply brief, the record shows that the agency had agreed with defendant that plaintiff's demand for revision of the subcontract submitted to it fell within the statutory ground for substitution.

tor and the agency had acted without statutory authority and that the original subcontractor could recover its damages. Here, however, the ground relied on by defendant was one of the grounds expressly listed in the statute above quoted. It follows that, unless there was a statutory duty on defendant, to give notice of its request and of the hearing thereon, defendant's substitution was legally valid.

Subsequent to the decision in *Holder*, the Legislature enacted section 4107.5 of the Government Code, permitting a substitution of subcontractors in case of a clerical error in the original bid. That section expressly requires the prime contractor, itself, to give notice of the proposed change; but the Legislature did not amend section 4107 to impose such a requirement on the prime contractor, nor did it otherwise impose such a requirement for requests grounded on section 4107.

In the light of that legislative action (more properly nonaction) we must conclude that no statutory duty rests on a prime contractor to, itself, give to a subcontractor notice of its desire to substitute except in the limited case of substitution for clerical error. Absent such a duty in this case, no liability on the part of the defendant exists.[3]

The judgment is affirmed.

Woods, J., and Early, J.,* concurred.

---

[3]In addition to the reason set forth in the text, we note that the substitution made in this case did not involve "bid shopping"—the evil the Legislature set forth in section 4101 of the Government Code.

*Assigned by the Chairperson of the Judicial Council.