[Civ. No. 60995. Second Dist., Div. Two. July 2, 1981.]

INTERIOR SYSTEMS, INC., Plaintiff and Appellant, v.
DEL E. WEBB CORPORATION, Defendant and Respondent.

COUNSEL

Hillyer & Irwin and Richard P. Edwards for Plaintiff and Appellant.

Parker, Milliken, Clark & O'Hara and Ronald E. Cappai for Defendant and Respondent.

OPINION

BEACH, J.—

NATURE OF APPEAL:

Subcontractor appeals from judgment of dismissal upon failure to amend after sustaining of demurrer with leave to amend.

FACTS:

By its first amended complaint plaintiff (appellant) alleged that it is in the business of subcontracting of cabinetry, millwork and related carpentry work. Defendant (respondent) is a general contractor engaged in bidding on prime contracts. Respondent was the successful bidder to do certain hospital construction for a public agency, the County Hospital Authority (Hospital). Prior to respondent being awarded the public work contract, appellant had submitted an oral telephonic bid to do a portion of the construction by subcontract. Appellant later confirmed its bid by letters to respondent. Appellant specifically excluded certain work from its bid. Respondent in bidding on the prime contract listed appellant as the subcontractor for the finished carpentry, millwork and interior woodwork. After respondent was accepted as the prime contractor, it submitted a written contract to appellant as the subcontractor. The written contract as submitted by respondent to appellant did not exclude the items which appellant had excluded from its bid and therefore appellant refused to sign the contract as submitted. Thereupon, respondent requested permission of Hospital to substitute another subcontractor for appellant because of the refusal. Appellant was notified and filed its objections and a hearing was held pursuant to section 4107 of the Government Code.[1] Respondent substituted another subcontractor. As a result of being substituted, appellant claimed damage of $50,685 incurred as a loss of the benefit of its bargain. Appellant alleged in general terms that respondent "wrongfully refused to permit plaintiff to perform such work" and that it was "wrongfully deprived of the subcontract."

Respondent demurred to the first amended complaint for its failure to state a cause of action and for uncertainty. In sustaining the demur-

---

[1]Unless otherwise designated, all references to "code section" or "section" followed by a number refer to the California Government Code.

rer, the trial court stated: "Demurrer is sustained with thirty days leave to amend on the grounds that it is uncertain what the ruling of Hospital was. If there was a specific finding that the substitution was proper, plaintiff is precluded from filing this action. The sole remedy is administrative mandate pursuant to section 1094.5, Civil Code of Procedure" (*sic*) (Code of Civil Procedure). Appellant refused to amend and its complaint was dismissed. We affirm.

DISCUSSION:

Relying on *Southern Cal. Acoustics Co. v. C. V. Holder, Inc.* (1969) 71 Cal.2d 719 [79 Cal.Rptr. 319, 456 P.2d 975], appellant seeks to state a cause of action for breach of "statutory duty." The statute involved is Government Code section 4100 et seq., the Subletting and Subcontracting Fair Practices Act. That act relates to the use of subcontractors on public construction. Section 4107 of the act provides that: "No prime contractor whose bid is accepted shall:

"(a) Substitute any person as subcontractor in place of the subcontractor listed in the original bid, except that the awarding authority, or its duly authorized officer, may, except as otherwide provided in Section 4107.5, consent to the substitution of another person as a subcontractor:

"(1) When the subcontractor listed in the bid after having had a reasonable opportunity to do so fails or refuses to execute a written contract, when such written contract, based upon the general terms, conditions, plans and specifications for the project involved or the terms of such subcontractor's written bid, is presented to him by the prime contractor, ..."

*Southern Cal. Acoustics Co. v. C. V. Holder, Inc., supra*, 71 Cal.2d 719, expressly held that merely listing the name of a subcontractor does not create a contract, express or implied, between the prime contractor and the subcontractor. But such listing, said the court, creates a "statutory duty." This duty imposes on the prime contractor a peculiar liability to the subcontractor. If the named subcontractor is unlawfully removed or substituted for a reason not authorized by the statute, such removal permits the subcontractor to maintain a cause of action against the prime contractor. But *Southern Cal. Acoustics Co., supra*, is factually distinguishable from the case at bench and is unavailable to

appellant as support or authority upon which appellant may base any cause of action.

In *Southern Cal. Acoustics Co.*, plaintiff subcontractor submitted a bid to defendant-prime contractor. After being awarded the contract, defendant found that plaintiff's name was mistakenly listed. Defendant requested and received permission from the public agency to substitute another subcontractor who was intended. The defendant was nonetheless held liable to the plaintiff for breach of the statutory duty because the substitution was for a reason not recognized by the statute. The court supported its holding by declaring that the purpose of the law went beyond the declarations of Government Code section 4101[2] and was intended also to protect subcontractors from being wrongfully removed. Thus the court recognized an enforceable "statutory duty" on the part of the prime contractor in favor of the subcontractor.

By contrast, at bench, appellant did not specifically allege that the substitution was wrong or unlawful, or that the permission given by Hospital was wrong or unlawful. Neither did appellant allege any *fact* which disclosed or, under the most generous interpretation possible, implied that the substitution was unlawful or wrong. As indicated earlier, appellant alleged in conclusionary terms only that respondent "has wrongfully refused to permit" appellant to perform the subcontract work; and that appellant "lost the benefit it would have realized had it not been wrongfully deprived of the subcontract." These are but legal conclusions which the trial court was authorized to ignore. Conclusionary allegations without facts to support them are ambiguous and may be disregarded. (*Ankeny* v. *Lockheed Missiles & Space Co.* (1979) 88 Cal.App.3d 531 [151 Cal.Rptr. 828].)

More importantly, appellant's first amended complaint not only omits necessary allegations, but affirmatively discloses lawful substitution and at least one factual ground which permits substitution. Even if it were not clearly implicit or affirmatively disclosed in the first amended complaint, appellant has conceded on appeal that such permission was given. This fact no doubt accounts for the fact that appellant did not

---

[2]Government Code section 4101 reads: "The Legislature finds that the practices of bid shopping and bid peddling in connection with the construction, alteration, and repair of public improvements often result in poor quality of material and workmanship to the detriment of the public, deprive the public of the full benefits of fair competition among prime contractors and subcontractors, and lead to insolvencies, loss of wages to employees, and other evils."

further amend its complaint although given leave to do so. Appellant could not truthfully allege lack of permission.

In addition to the presence of the permission by the administrative authority, Hospital, the content of the pleading discloses a fact on which permission may be given by the administrative authority, i.e., failure to sign a subcontract. Although not containing the terms of appellant-subcontractor's bid, the written contract submitted to appellant was "based upon the general terms, conditions, plans and specifications for the project involved" and which respondent used in its bid on the prime contract. Failure to sign such a contract when tendered is ground on which the public agency may give permission to substitute. (§ 4107, subd. (a)(1).)

■ At bench, under the same statute, Hospital had the initial jurisdiction and authority to decide whether the facts warranted granting respondent permission to substitute. There was no challenge or effort to review that permission. As a result, the trial court was entitled to presume that Hospital obeyed the law and performed its legal duty. The unavoidable conclusion is that Hospital properly decided that appellant's refusal to sign was without justification. Accordingly, appellant falls within section 4107, subdivision (a)(1), and may not maintain an action against the prime contractor. The same statute on which appellant relies specifically provides respondent a defense to appellant's claim. Apart from this statute, there is no contractual, tort or other legal duty or liability, common law or otherwise. (Accord *Southern Cal. Acoustics Co., supra*, 71 Cal.2d 719; *W. J. Lewis Corp.* v. *C. Harper Construction Co.* (1981) 116 Cal.App.3d 27 [171 Cal.Rptr. 806]; *C. L. Smith Co.* v. *Roger Ducharme, Inc.* (1977) 65 Cal.App.3d 735 [135 Cal.Rptr. 483].)

Any other result would be contrary to the express holding of *Southern Cal. Acoustics Co.* v. *C. V. Holder, Inc., supra*, 71 Cal.2d 719, that the mere listing of a subcontractor's name by the prime contractor in its bid to the public agency does not create a contract between the subcontractor and the prime contractor nor does it create any other common law right to maintain an action against the prime contractor. The "duty" created is, in the language of *Southern Cal. Acoustics Co.*, purely a statutory one.

Since Hospital lawfully decided that there was reason for substitution, it would render meaningless the statutory scheme to allow a

subcontractor to nonetheless maintain· an action such as appellant claims here. Appellant contends at bench that it has some "parallel" common law right to maintain a separate action. Appellant is mistaken. First, the precise nature of this common law action is not disclosed. Moreover, appellant categorically stated in its complaint that it was a complaint for a breach of a *statutory* duty. The same statute, however, authorizes the public agency to make a factual determination which permits substitution. Where substitution is thus permitted on a legally recognized fact, there is no right or basis upon which the subcontractor may file a separate action at law. The facts disclosing no cause of action have been determined. The subcontractor has no right to a redetermination in another factfinding forum. Additionally, there are no allegations of detrimental reliance pleaded. There is no pleading of any forebearance of bidding on other public contracts or other work while waiting in reliance upon any acceptance of or promise to accept the bid submitted for the public job. Therefore, there is here no cause of action for any negligent failure to properly list or properly award the contract to the subcontractor. (*C. L. Smith Co., Inc.* v. *Roger Ducharme, Inc., supra*, 65 Cal.App.3d 735.)

In *Southern Cal. Acoustics Co., supra*, 71 Cal.2d 719, the pleading disclosed that the school district permitted substitution for a reason *not* recognized by statute and thus facially in violation of section 4107. Therefore, the Supreme Court in that case did not have before it the issue present here, i.e. the effect of a prior administrative finding of a fact upon which substitution is expressly permitted by statute. By contrast, at bench, Hospital permitted the substitution on the basis of a statutorily recognized reason. (Gov. Code, § 4107.) The trial court correctly concluded that if Hospital determined the substitution was proper, appellant's sole remedy is administrative mandamus pursuant to section 1094.5 of the Code of Civil Procedure.

We must assume that in creating the procedure in section 4107, the Legislature intended that the results thereof should be binding on the parties unless found to be erroneous and set aside by a court of review. Here appellant never sought such review or to otherwise properly set aside Hospital's administrative finding and determination allowing respondent to substitute. The act has created a quasi-judicial remedy in the form of a hearing before the awarding authority to determine whether proper grounds exist under the act for substitution. Thus, we have at bench a case where: "The administrative tribunal is created by

law to adjudicate the issue sought to be presented to the court. The claim or 'cause of action' is within the special jurisdiction of the administrative tribunal, and the courts may act only to *review* the final administrative determination. If a court allowed a suit to be maintained prior to such final determination it would be interfering with the subject matter jurisdiction of another tribunal." (2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 181, p. 1045.) A party must exhaust its administrative remedies before a court will act. (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280 [109 Cal.Rptr. 942, 132 A.L.R. 715]; *Bleeck* v. *State Board of Optometry* (1971) 18 Cal.App.3d 415 [95 Cal.Rptr. 860].) This "... doctrine of exhaustion of administrative remedies may not be circumvented by bringing actions other than administrative mandamus ...." (*Bleeck* v. *State Board of Optometry, supra*, at p. 432.) The present action is not one where the decision of the administrative board is reviewed. It is a completely independent action which would seek a total retrial of the same facts and issues already once lawfully decided.

The action by appellant would have permitted it to have the choice of two alternate proceedings or remedies in which to maintain an action against respondent notwithstanding an adverse ruling by Hospital in a hearing held pursuant to all the terms and conditions of the act. Allowing appellant to maintain this action, after appellant's failure and refusal to exhaust its administrative remedies which include seeking a writ of mandamus, would have subjected respondent to the possibility of inconsistent rulings from two different forums. Such a result would frustrate the purpose and expressed intent of submitting this issue to a quasi-judicial body for decision. A cause of action for damages for breach of statutory duty which appellant seeks here simply cannot be permitted unless the decision of the awarding authority is set aside by mandamus. Any other result would permit complete indifference to the very statute which gives rise to liability.

Exhaustion of administrative remedy includes application for a writ of mandamus. (*Westlake Community Hospital* v. *Superior Court* (1976) 17 Cal.3d 465 [131 Cal.Rptr. 90, 551 P.2d 410].) Although *Westlake* is distinguishable on its facts, in that there the action at law sought damages in tort from the very administrative body that had made the ruling and upon the theory of malicious prosecution, that factual difference is insignificant and irrelevant. The Supreme Court addressed the specific issue and unequivocally held that plaintiff could not maintain a court action for damages arising from such revocation

because she had not yet succeeded in setting aside the quasi-judicial revocation of that hospital by a mandamus action. (*Id.* at p. 478, and pp. 482-485.) The court said: "... [S]uch a claim is necessarily premised on an assertion that the hospital's decision to revoke plaintiff's privileges was itself erroneous and unjustified.... so long as such a quasi-judicial decision is not set aside through appropriate review procedures the decision has the effect of establishing the propriety of the hospital's action. [Citation.] Accordingly, we conclude that plaintiff must first succeed in overturning the quasi-judicial action before pursuing her tort claim against defendants.

"In our view, the above requirement accords a proper respect to an association's quasi-judicial procedure, precluding an aggrieved party from circumventing the established avenue of mandamus review...."

Here, as in *Westlake*, appellant received the prescribed notice and participated in the hearing before Hospital, the duly constituted agency. When the general contractor and the awarding authority have followed the provisions of the act resulting in substitution, the substituted subcontractor must overturn the decision of Hospital by the established method of review of administrative orders, i.e. by writ of mandate under Code of Civil Procedure section 1094.5. It may not ignore the administrative decision by filing a separate action at law.

Any other result would render the hearing by Hospital, as prescribed by the act, a meaningless and idle act. Thus, here, because Hospital's decision became final, appellant failed to state a cause of action for breach of statutory duty, and respondent's demurrer was properly sustained by the lower court.

The judgment (order of dismissal) is affirmed.

Roth, P. J., and Compton, J., concurred.