**Jehan Zeb MIR, M.D.,**
**Plaintiff–Appellant,**

v.

**LITTLE COMPANY OF MARY HOSPITAL, Defendant–Appellee.**

**No. 87–6269.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 1988.

Decided April 13, 1988.

John J. Schimmenti, El Segundo, Cal., for plaintiff-appellant.

Jay D. Christensen, Ellingsen, Christensen & West, Los Angeles, Cal., Laurence D. Getzoff, San Francisco, Cal., for defendant-appellee.

Before SNEED, HUG and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Plaintiff–Appellant, Jehan Zeb Mir, M.D., (Mir) appeals from the district court's order dismissing this action after dismissal of his complaint without leave to amend, for failure to state a claim for which relief could be granted. Mir also appeals from the district court's decision to grant $15,960.00 in attorneys' fees and costs to defendant-

appellee Little Company of Mary Hospital (Hospital).

We must answer the following questions: (1) Whether the statute of limitations bars Mir's federal antitrust claim. (2) Whether Mir's failure to obtain a writ of mandate from the California state court bars his state antitrust and common law claims. (3) Whether the previous state court action precludes Mir's civil rights claims. (4) Whether the district court erred in imposing sanctions against Mir pursuant to Fed.R.Civ.P. 11.

## I.

### PROCEDURAL POSTURE

On May 17, 1976, Mir applied for staff privileges at the Hospital. He sought to practice cardiac, thoracic, vascular, and general surgery. Mir was denied all privileges. After exhausting the Hospital's procedures for appeals, Mir filed a lawsuit in California Superior Court on May 5, 1978 seeking damages and an injunction directing the Hospital to grant his application for surgery privileges.

In 1979, while his state court action was still pending, Mir filed a second application for surgery privileges at the Hospital. On July 3, 1979, the Hospital granted Mir's request for general, vascular, and thoracic surgery privileges but denied his request to perform cardiac surgery because he had failed to complete fifty open heart surgeries in the preceding year.

In January 1982, Mir moved to amend his state court action for damages to include a petition for a writ of mandate. The Hospital opposed the motion, contending that Mir could not proceed with a damage action until a writ of mandate, reversing the Hospital's decision to deny him privileges, had been granted by the state court. The state court denied the request to amend.

On March 1, 1983, Mir again filed an amended pleading in state court in which he petitioned for a writ of mandate to overturn the Hospital's decision denying him cardiac surgery privileges. Mir claimed that the Hospital violated his due process rights when it denied him all surgery privileges in 1978 and when it denied him cardiac surgery privileges in 1979.

On August 23, 1983, the state court denied the petition. Mir appealed. The California Court of Appeal dismissed the appeal on December 10, 1985. The Court of Appeal found that Mir had been granted privileges in general, vascular and thoracic surgery, therefore his claim regarding those privileges was moot. In addition, the court found that Mir's failure to produce evidence that he had exhausted the Hospital's procedures for reviewing the second administrative decision denying cardiac privileges resulted in a waiver of his right to appeal from that decision. Mir took no further action in state court and made no additional requests to the Hospital to review the denial of cardiac surgery privileges.

On December 1, 1986, Mir filed this action in district court. In his complaint, Mir alleged federal antitrust, state antitrust, and common law causes of action. In an amended complaint filed on December 8, 1986, Mir added claims of violations of 42 U.S.C. §§ 1983, 1985 and 1986.

On May 22, 1987, the Hospital filed a motion to dismiss the complaint for failure to state a claim for which relief could be granted. The Hospital argued that all of Mir's claims were barred by the statute of limitations. In addition, the Hospital contended that one or two essential elements were missing from each of the claims and that the state common law claims were barred by res judicata. The Hospital also requested that the district court take judicial notice of Mir's pleadings in the state court action, the Hospital's answer to the initial complaint, and the decisions of the California Superior Court and the Court of Appeal. A motion for sanctions and attorneys' fees was also filed. Following a hearing, the district court granted all three motions.

## II.

### MOTION TO DISMISS

The district court ruled that Mir's First Amended Complaint failed to state a claim

against the Hospital for which relief could be granted. We agree.

## A. *Standard of Review*

We review *de novo* a dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Ledesma v. Jack Stewart Produce*, 816 F.2d 482, 484 (9th Cir.1987). A complaint should not be dismissed unless it is clear that no set of facts in support of the plaintiff's claim would entitle him to relief. *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986). "In reviewing a motion to dismiss we presume that the facts alleged in the complaint are true." *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir.1986). In addition to the complaint, it is proper for the district court to "take judicial notice of matters of public record outside the pleadings" and consider them for purposes of the motion to dismiss. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986) (court took judicial notice of motion to dismiss filed in a separate suit and considered it in the motion to dismiss before them); *see also Mack*, 789 F.2d at 1282 (court took judicial notice of records in a state administrative proceeding and considered them in the motion to dismiss).

## B. *Federal Antitrust Claim*

■ In his complaint, Mir alleges a conspiracy to restrain the free practice of cardiac vascular surgery in violation of the federal antitrust laws, 15 U.S.C. § 1 (1982). The Hospital contends that this claim is barred by the statute of limitations. 15 U.S.C. § 15b (1982) states that an antitrust action must be "commenced within four years after the cause of action accrued." Mir commenced this action on December 1, 1986.

"A cause of action in antitrust accrues each time a plaintiff is injured by an act of the defendant and the statute of limitations runs from the commission of the act." *Pace Indus. v. Three Phoenix Co. (Pace)*, 813 F.2d 234, 237 (9th Cir.1987). The Hospital contends that the last act that could have injured Mir occurred on July 3, 1979 when the Hospital again rejected his request for cardiac surgery privileges. Mir argues that the Hospital has engaged in continuing anticompetitive behavior since the 1979 denial. He contends that the fact that the Hospital has opposed his state court action seeking a mandate overturning their decision to deny him surgical privileges constitutes a continuing violation. Mir does not claim that the Hospital took any action other than defending itself in the state court action.

Assertion of a defense to a court action, without more, is not a sufficient act to constitute a continuing violation of the federal antitrust laws. *See Brunswick Corp. v. Riegel Textile Corp.*, 752 F.2d 261, 272 (7th Cir.1984) (defending oneself in a proceeding brought by another is not an act actionable under the federal antitrust laws), *cert. denied*, 472 U.S. 1018, 105 S.Ct. 3480, 87 L.Ed.2d 615 (1985); *cf. Pace*, 813 F.2d at 238 (bringing a state court action to enforce a contract illegal under the antitrust laws is the last overt act and prosecuting the suit does not continue the violation; the statute of limitations runs from the date the suit is filed). A party "cannot start a suit ... and then sue the defendant for refusing to default. *Brunswick*, 752 F.2d at 272.

■ Mir also asserts that the state court proceedings tolled the statute of limitations. In *Pace*, we held that prior state court actions " 'do not toll the statute of limitations, no matter how close their relationship to the one at bar.' " 813 F.2d at 240 (quoting *Ramirez de Arellano v. Alvarez de Choudens (Ramirez)*, 575 F.2d 315, 319 (1st Cir.1978)). The statute of limitations is tolled in antitrust actions only if the previous action was the case at bar and not merely a related action on the same facts. *Id.* at 241 (citing *Ramirez*, 575 F.2d at 320).

None of the complaints filed by Mir in the state court raised federal antitrust issues. Thus, under *Pace*, the statute of limitations applicable to the federal antitrust claims was not tolled pending resolution of the state court action.

Additionally, Mir argues that his federal antitrust claim is not barred by the statute of limitations because "even ignoring the continuing nature of defendant's conspiracy or the tolling effect of the state court proceedings, plaintiff's future earnings and injury to good will would have been too speculative to have been awarded in a suit based upon the original exclusion in 1976." Mir asserts that at the very least he should be able to maintain an action to recover damages that accrued during the four year period prior to bringing this federal action because the statute of limitations runs from the date that the damages accrue and are no longer speculative. Mir requested damages for the loss of past and future earnings and good will. He argues that until the state court action was completed, his damages were speculative because there was still the possibility that the Hospital would be required to allow him cardiac surgery privileges.

In *Zenith Radio Corp. v. Hazeltine Research (Zenith)*, 401 U.S. 321, 339, 91 S.Ct. 795, 806, 28 L.Ed.2d 77 (1971), the Supreme Court held that when a court refuses to award antitrust damages because they are too speculative, "the cause of action for future damages, if they ever occur, will accrue only on the date they are suffered; thereafter the plaintiff may sue to recover them at any time within four years from the date they were inflicted." *Zenith* did not change the criteria for determining whether damages are speculative. *In re Multidistrict Vehicle Air Pollution*, 591 F.2d 68, 73 (9th Cir.) (citing *Charlotte Telecasters, Inc. v. Jefferson–Pilot Corp.*, 546 F.2d 570, 573 (4th Cir.1976)), *cert. denied*, 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979). Juries are allowed to use probable and inferential proof, as well as direct and positive proof, to make a reasonable and just estimate of the damage suffered by the plaintiff. *Id*. "Mere uncertainty as to the extent or amount of damage will not bar recovery under the antitrust laws." *Aurora Enter. v. Nat'l Broadcasting Co.*, 688 F.2d 689, 694 (9th Cir.1982).

> [U]ncertain damages, which prevent recovery, are distinguishable from uncertain extent of damage, which does not

prevent recovery. The former denotes failure to establish an injury, while the latter denotes imprecision with regard to the scope or extent of the injury. The question of whether there is a right to recovery is not to be confused with the difficulty in ascertaining the scope or extent of the injury.

*Pace*, 813 F.2d at 240 (citations omitted).

The extent of Mir's damages is not less speculative or more ascertainable today than it was in 1979. The injury occurred, if at all, in 1979. The mere fact that the *extent* of the injury may be uncertain would not have prevented recovery. Mir could have easily presented evidence of his projected lost income in 1979. This type of evidence is presented in court every day. In addition, Mir could have brought an antitrust suit in federal court without seeking a writ of mandate in the state court. *Cf. Midland Telecasting Co. v. Midessa Television Co.*, 617 F.2d 1141, 1149 (5th Cir.) ("There is no requirement that an antitrust plaintiff exhaust administrative remedies as a prerequisite to bringing an antitrust suit."), *cert. denied*, 449 U.S. 954, 101 S.Ct. 361, 66 L.Ed.2d 219 (1980).

The statute of limitations was not tolled during the pendency of the state court action. Mir's federal antitrust cause of action was untimely.

## C. *State Antitrust and Common Law Violations*

In his state common law claim, Mir alleged that the Hospital and the members of the review committee "conspired to deny plaintiff access to the hospital facilities which were necessary for plaintiff's chosen field of cardiac surgery. This was done in order to deprive plaintiff of his practice and in order to benefit the competing members of the conspiracy." He also alleged that the Hospital's action was "an unlawful combination to prevent competition in violation of California Business and Professions Code Section 16726 et seq."

The Hospital contends that these state claims are barred by Mir's failure to obtain

a writ of mandate before filing his complaint for damages. We agree.

In *Westlake Community Hosp. v. Superior Court*, 17 Cal.3d 465, 484, 551 P.2d 410, 421, 131 Cal.Rptr. 90, 101 (1976), the California Supreme Court held that before an action for damages can be brought, the quasi-judicial decision of the review committee to deny hospital privileges must be overturned by the grant of a writ of mandate. The court said "that so long as such a quasi-judicial decision is not set aside through appropriate review procedures the decision has the effect of establishing the propriety of the hospital's action." *Id.* Under California law, once a court determines in a mandamus proceeding that the quasi-judicial decision cannot stand, the prevailing party can institute an action against the hospital. 17 Cal.3d at 484, 551 P.2d at 421–22, 131 Cal.Rptr. at 101–02. Mir's state claims concern the hospital's decision to deny him cardiac surgery privileges. Until the review committee's decision is overturned by a writ of mandate, it is presumed correct and a damage action based on state law may not be maintained. *Id.*

Mir claims that *Westlake* is inapplicable because in that matter only tort claims were at issue. *Westlake* applies to all cases where a quasi-judicial decision is the basis of a cause of action. 17 Cal.3d at 484, 551 P.2d at 421, 131 Cal.Rptr. at 101. The principle announced in *Westlake* is not limited to cases that sound in tort. *See Interior Sys. v. Del E. Webb Corp.*, 121 Cal.App.3d 312, 319, 175 Cal.Rptr. 301, 306 (1981) (cannot distinguish *Westlake* on basis that it applies only to tort causes of action); *cf. Logan v. S. California Rapid Transit Dist.*, 136 Cal.App.3d 116, 123, 185 Cal.Rptr. 878, 882 (1982) (any action involving the substance of a hearing must be tested under a petition for writ of mandate whether it sounds in contract or tort). Thus, since Mir failed to set aside the review committee's decision by means of a writ of mandate, he is barred from bring-

ing a damage action based on a cause of action arising under California law.

### D. Civil Rights Claims

■ In his complaint, Mir alleges violations of 42 U.S.C. §§ 1983, 1985 and 1986 (1982).[1] These claims are barred by the res judicata effect of the state court proceedings. "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); 28 U.S.C. § 1738 (1982).

"Under California law, '[a] valid judgment on the merits in favor of a defendant serves as a complete bar to further litigation on the same cause of action.'" *Takahashi v. Bd. of Trustees of Livingston Union School Dist.*, 783 F.2d 848, 851 (9th Cir.) (quoting *Slater v. Blackwood*, 15 Cal. 3d 791, 795, 543 P.2d 593, 594, 126 Cal. Rptr. 225, 226 (1975)), *cert. denied*, 476 U.S. 1182, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986).

> [R]es judicata precludes a plaintiff from litigating a claim if the claim relates to the same 'primary right' as a claim in a prior action, the prior judgment was final and on the merits, and the plaintiff was a party or in privity with a party in the prior action.... A decision on a petition for writ of mandate seeking review of an administrative order is considered final decision on the merits for res judicata purposes under California law.

*Trujillo v. County of Santa Clara*, 775 F.2d 1359, 1366 (9th Cir.1985).

In his claim filed in the district court, Mir alleges the same factual matters which were presented to the California courts. His federal civil rights claims relate to the same "primary right"—the "right", or more precisely the privilege, to practice cardiac surgery at the Hospital—presented in his petition for a writ of mandate. The violation of one primary right gives rise to only one claim for relief. By invoking the

---

1. In his complaint, Mir identifies the statutes as being in Title 18. It is obvious, however, that he is referring to the civil rights statutes in Title 42 and he uses the correct title in his briefs.

Constitution and sections 1983, 1985 and 1986, Mir has merely presented a new legal theory upon which he seeks recovery. *See Takahashi*, 783 F.2d at 851 (section 1983 action barred when it merely asks to look at contractual right of employment from a different angle). The state court judgment is final. Thus, Mir is precluded from relitigating issues that were raised or could have been raised in his state court action. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981).

## III

## SANCTIONS

The district court awarded sanctions to the Hospital in the amount of $15,960.00. In so doing, the court stated the following on the record:

(1) [T]he slightest bit of research along the lines brought out by the defendant would have shown that it [the action] could not be maintained.

(2) [D]efense counsel is correct to point out to the court that the plaintiff has cited cases not standing for the proposition cited to the court....

(3) It almost appears that the plaintiff wishes to harass the defendant hospital by renewing the litigation and renewing the attempts to once again have himself granted the cardiac surgeon status at that hospital.

Mir contends that sanctions were inappropriate in this case because his moving papers and his complaint were "both legally reasonable and factually well founded" and they were "made in 'good faith' and devoid of 'improper purpose.'"

Fed.R.Civ.P. 11 provides that

[e]very pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

"Sanctions are mandatory if the court concludes that Rule 11 has been violated." *Hudson v. Moore Business Forms, Inc.*, 827 F.2d 450, 453 (9th Cir.1987).

This circuit has identified two circumstances in which sanctions are appropriate: where a litigant makes a "frivolous filing," that is, where he files a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law; and where a litigant files a pleading or other paper for an "improper purpose," such as personal or economic harassment.

*Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir.1987).

The "frivolous filing" sanction is judged by an objective standard. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir.1986). The party filing the paper

at a minimum, must have a "good faith argument" for his or her view of what the law is, or should be. A good faith belief in the merit of a legal argument is an objective condition which a competent attorney attains only after "reasonable inquiry." Such inquiry is that amount of examination into the facts and legal research which is reasonable under the circumstances of the case.... Extended research alone will not save a claim that

is without legal or factual merit from the penalty of sanctions.

*Id.* at 831. However, a court must be careful to remember that

[t]he test for good faith is not whether we agree with the argument advanced by counsel, or whether summary judgment was appropriate.

"The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted."

*Hurd v. Ralphs Grocery Co.,* 824 F.2d 806, 810–11 (9th Cir.1987) (quoting Fed.R.Civ.P. 11 advisory committee's note, 1983 Amendment, *reprinted in* 97 F.R.D. 165, 199 (1983)). An "argument need not be correct to be considered made in good faith." *In re Yagman,* 796 F.2d 1165, 1187 (9th Cir. 1986), *modified,* 803 F.2d 1085 (9th Cir. 1987).

The question we must answer is whether Mir presented good faith arguments to justify pursuing these claims against the Hospital since 1976.

 None of the cases cited by Mir support the argument that the federal antitrust claims are not barred by statutes of limitations, that the civil rights claims are not barred by res judicata, or that the state law claims are not barred by state exhaustion requirements. Mir does not assert that we should extend existing law to cover the circumstances of his case. *Cf. Hurd,* 824 F.2d at 811 (counsel's creative theory that had not yet been recognized by any court was not sanctionable). Mir argues instead that existing case law supports his arguments. No competent lawyer would believe that the cases he relies upon support his argument.

In *Unioil, Inc. v. E.F. Hutton & Co.,* 809 F.2d 548, 557 (9th Cir.1986), *cert. denied,* —— U.S. ——, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987), we held that it is significant that the allegations filed

threatened defendants with massive liability and foreseeably aroused a vigorous and costly defense. Just as the gravity of foreseeable injury is relevant to determining a party's standard of care in a negligence case, so should the cost of a foreseeable response by opposing parties be relevant to determining an attorney's standard of reasonable inquiry.

Mir has sought to recover over $27,000,000 in damages for the Hospital's decision not to accord him privileges. A prayer for this amount of money forces an opposing party to mount a "vigorous and costly defense." *Id.* We are persuaded that Mir acted unreasonably in bringing an action for $27,000,000 in the face of clear authority that each claim was barred by procedural limitations.

Finally, Mir has been contending for over nine years that the Hospital's decision to deny him cardiac surgery privileges was improper. In every forum that he has raised this issue he has either been defeated on the merits or his action has been barred for failure to overcome obvious procedural requirements. We agree with the district court that his continued pursuit of this matter is a blatant attempt to harass the Hospital into granting him the privileges they denied him nine years ago. Accordingly, we affirm the district court's sanction award.

## IV

## COSTS ON APPEAL

The Hospital requests, pursuant to Fed. R.Civ.P. 11 and Fed.R.App.P. 38 and Circuit Rule 39–1.6, that we award it attorney's fees for defending an appeal asserting "wholly meritless and groundless arguments." Fed.R.App.P. 38 states that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to appellee." "Sanctions are appropriate when the result of an appeal is obvious and the arguments of error are wholly without merit." *Grimes v. Commissioner,* 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam).

Because the original complaint is without merit, the appeal is without merit. Therefore, we award attorney's fees and double costs to the Hospital.

AFFIRMED.