988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard BEVERIDGE, Plaintiff-Appellant,
v.
COUNTY OF SANTA BARBARA; City of Santa Barbara; Thomas R.
Adams; James Slater; William Gordon; et al.,
Defendants-Appellees.
 No. 92-55374.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-91-4358-SVW; Stephen V. Wilson, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Beveridge appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal with prejudice of his action under 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.
 
 
 3
 * Standard of Review
 
 
 4
 We review de novo a district court's dismissal of an action for failure to state a claim under Rule 12(b)(6). Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir.1988). A Rule 12(b)(6) dismissal motion "can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980). When reviewing a district court's dismissal for failure to state a claim, "[w]e restrict our review to the contents of the complaint, accepting the material factual allegations as true and construing them in the light most favorable to the appellant." Schowengerdt v. General Dynamics Corp., 823 F.2d 1328, 1332 (9th Cir.1987).
 
 II
 Background
 
 5
 According to the complaint, Beveridge owned a boat in Santa Barbara harbor. After allegedly being harassed by a Santa Barbara City ("City") harbor officer, Beveridge circulated a petition asking for the removal of the officer from the harbor patrol. Beveridge also met with City officials to discuss the officer's actions and the possibility of the officer being discharged. Several weeks later, the City moved the mooring boundary line in the portion of the harbor where Beveridge was anchored. The City then criminally cited Beveridge for being moored illegally. Subsequently, after determining that Beveridge's boat did not meet the relevant safety standards, the City obtained a preliminary injunction in state superior court ordering Beveridge to remove his boat from the harbor. Beveridge failed to comply with the injunction and the court subsequently scheduled a contempt hearing against him. Beveridge missed the hearing because he was in Los Angeles attempting to have the contempt action removed to federal court. At the superior court hearing, the court issued a warrant of attachment against Beveridge for his failure to appear. Beveridge was subsequently arrested and jailed for 4 days.
 
 
 6
 On August 14, 1991, Beveridge brought this action against the City and County of Santa Barbara, a number of city and county employees, and three Santa Barbara superior court judges. Among his numerous claims, Beveridge asserted that the City retaliated against him for exercising his first amendment rights and that the county superior court judges and court personnel acted without jurisdiction when they issued the warrant of attachment against him. Beveridge also asserted that during his imprisonment, the county prison failed to provide him with adequate access to the prison law library.
 
 
 7
 The magistrate judge recommended dismissing Beveridge's claim against the superior court judges and advised Beveridge to amend his complaint to delete the judges as defendants. Beveridge instead filed "plaintiff's election not to amend complaint and request for report and recommendation." In response, the district court, adopting the report and recommendation of the magistrate judge, dismissed the entire action against all of the defendants with prejudice for failure to state a claim and for failure to respond to the defendants motion to dismiss.
 
 III
 Merits
 A. Claim against the Superior Court judges
 
 8
 Beveridge contends that the superior court judges are not entitled to judicial immunity because they acted without jurisdiction. Specifically, he contends they are liable under section 1983 for issuing a warrant of attachment against him when they were aware that Beveridge was seeking to file a petition for removal. This contention lacks merit.
 
 
 9
 Judges are absolutely immune from civil suits for damages for actions taken in their official capacities. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Immunity attaches even if the acts were in error or were performed maliciously. Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). Immunity does not attach, however, if the judge acts in the clear absence of all jurisdiction or performs an act which is not judicial in nature. Ashelman, 793 F.2d at 1075.
 
 
 10
 Here, Beveridge contends the pending removal petition divested the superior court of jurisdiction. The action of the judges, however, was taken in their official capacity, and was thus immune. See id. Moreover, it appears that at the time that the court issued its warrant, Beveridge had not yet filed his petition for removal. The court still had jurisdiction when it issued its warrant.[1] Under these circumstances, the district court properly dismissed Beveridge's claim against the superior court judges.[2] See id.
 
 
 11
 B. Claims against the County and City of Santa Barbara
 
 1. Retaliation Claim
 
 12
 In his complaint, Beveridge alleged that the City violated his first amendment rights by retaliating against him for circulating a petition that sought the discharge of a harbor official. He alleged that the City did so by moving the harbor line so that it could cite him for mooring his boat illegally.
 
 
 13
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). "State action designed to retaliate against and chill political expression strikes at the heart of the First Amendment." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). Accordingly, "the victim of such action is entitled to sue the responsible state agents under section 1983." A plaintiff seeking redress against a municipality under section 1983, however, "must allege that the action inflicting injury flowed from either an explicitly adopted or a tacitly authorized city policy." Id. at 1337 (citing Monell v. New York City Dep't. of Social Serv., 436 U.S. 658, 690-91 (1978)).
 
 
 14
 Here, construing the complaint liberally, Beveridge has alleged that the City, in moving the mooring boundary, adopted a policy to retaliate against him for circulating a petition against one of its officers. The City asserts that Beveridge's claim is vague and conclusory. Taking the allegations in Beveridge's complaint as true, however, as we must for purposes of Rule 12(b)(6), Beveridge's complaint sufficiently alleges a section 1983 violation. See Gibson, 781 F.2d at 1337-38; Schowengerdt, 823 F.2d at 1332. Accordingly, the district court erred by dismissing Beveridge's claim against the City defendants.[3]
 
 2. Law Library
 
 15
 Beveridge contends that the County violated his civil rights by denying him access to the law library during his incarceration.
 
 
 16
 Indigent inmates have a constitutional right to meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). Meaningful access requires prison authorities to provide "adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. Prisons are not, however, required to provide unlimited access to prison law libraries, but rather may regulate the use of the library to ensure the security of the facility. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). Thus, prison officials may regulate the time, manner, and place in which library facilities are used. Id.
 
 
 17
 Here, because Beveridge contends that he was denied virtually all access to the law library, he has stated a claim for which relief can be granted.[4] See Bounds, 430 U.S. at 828. Contrary to the defendants' contention, Beveridge does not need to exhaust his administrative remedies in a habeas action prior to bringing this claim. See id. Accordingly, the district court erred by dismissing Beveridge's access to the courts claim.[5]
 
 
 18
 AFFIRMED in part, REVERSED AND REMANDED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Beveridge also contends that the superior court lacked jurisdiction to summon Beveridge to appear in court once the removal petition had been filed. It appears that Beveridge had been summoned for a court appearance several times but that each time the judge in charge continued the matter pending the resolution of Beveridge's removal action. From these facts we can discern no impropriety that would subject the judges to liability. See Stump, 435 U.S. at 355-56
 
 
 [2]
 Similarly, the district court also properly dismissed Beveridge's claim against the court employees. See Meyers v. Contra Costa County Dep't of Social Servs., 812 F.2d 1154, 1159 (9th Cir.) (officers of the court are entitled to quasi-judicial immunity), cert. denied, 484 U.S. 829 (1987)
 
 
 [3]
 Moreover, the district court should not, in the alternative, have dismissed Beveridge's action for failing to respond to the defendants motion to dismiss. See Henry v. Gill Indus., Nos. 91-15727, 91-16004, slip op. at 221 (9th Cir. Jan. 12, 1993) (a court cannot grant summary judgment for the movant based on a party's failure to file opposing papers where the movant's papers themselves are insufficient to support a motion for summary judgment). Here, the defendants motion to dismiss was in itself insufficient to justify dismissing Beveridge's retaliation claim
 
 
 [4]
 Because, however, Beveridge is no longer incarcerated, any action for non-monetary relief is moot. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (per curiam)
 
 
 [5]
 Beveridge's complaint also appears to allege a number of other causes of action, including allegations that he was placed in solitary confinement without a hearing, that he was denied access to his attorney during his incarceration and that the mooring statute at issue is unconstitutional. On remand, the district court can consider these claims in the first instance