993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Grayce AUL; Aul Pipe & Tubing, Inc., as a Fiduciary of the
Aul Pipe & Tubing, Inc. Employee Welfare Benefit
Plan; Henry Aul, Administrator,
Plaintiffs-Appellants,
v.
ALLSTATE LIFE INSURANCE COMPANY and Old Kent Bank as Trustee
of the First Insurance Trust, Defendants-Appellees.
 Nos. 91-56340, 91-56377.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1993.
Decided May 6, 1993.
 
 1
 Before NOONAN and TROTT, Circuit Judges, and FITZGERALD,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Effective May, 1981, plaintiff Grayce Aul ("Aul") became insured under a medical insurance policy ("the policy") issued by defendant Allstate Life Insurance Company ("Allstate") and held in trust by defendant Old Kent Bank. In 1982, Aul was diagnosed with a degenerative liver disease and began receiving treatment. At that time, the policy contained an "Extension of Benefits" provision ("first extension provision") requiring Allstate to pay medical expenses for an additional year from termination if the insured was totally disabled on the day of termination and remained totally disabled until the expense. In May 1988, Allstate amended the "Extension of Benefits" provision to extend coverage only for three months and only if the insured was hospitalized from time of termination and until the time of the expense ("second extension provision").[1]
 
 
 4
 Allstate terminated the policy coverage in May, 1989. In August, 1989, Aul filed suit in state court, alleging that the termination had no legal effect on Aul because her rights to coverage had "vested" when she became ill under the policy's coverage ("AUL I"). While Aul sought "a judicial determination of her rights ... under the [policy] to present and future treatment of various medical conditions", she did not make a claim under the extension provisions. The case was removed to the United States District Court for the Central District of California in September of 1989. In December, 1989 Aul had a liver transplant operation, which cost approximately $250,000. The second amended complaint, filed in April 1990, continued to allege only the vesting theory of liability. While Aul did not claim any rights under the extension provisions, the provisions were discussed in relation to the vesting theory. On August 28, 1990, Aul submitted a claim to Allstate under the first extension provision. Two days later, on August 30, 1990, United States District Court Judge William Keller ruled in AUL I that ERISA did not require and the policy did not contemplate that rights to health benefits would vest upon illness. The penultimate sentence and last footnote of Judge Keller's opinion in AUL I stated:
 
 
 5
 Thus, medical expenses incurred after termination, even if due to a condition existing before termination, are not covered under the group policy.
 
 
 6
 * * *
 
 
 7
 3. This is not intended to preclude coverage under the provisions of the contract for conversion, extension, or special privileges for Totally Disabled insureds.
 
 
 8
 Aul appealed the ruling and continued to pursue her claim under the first extension provision with Allstate. In October, 1990 Allstate rejected Aul's claim under the extension provision. In February, 1991, Aul filed suit in federal court to enforce the first extension provision against Allstate ("AUL II"). Allstate moved to dismiss the complaint on the grounds of claim preclusion and moved for sanctions. Aul opposed these motions stating that the contract and ERISA law required her to exhaust her administrative remedies and therefore her claim under the extension provision did not arise until Allstate rejected her claim in October, 1990. The case was once again decided by Judge Keller. By separate orders in September and October, 1991, the district court dismissed Aul's suit as barred by claim preclusion and ordered sanctions against Aul's counsel of $4,608.00. In the order on claim preclusion, the court stated:
 
 
 9
 Plaintiff contends that her cause of action did not exist at the time of Aul I, arguing that she could not bring the extension of benefits claim earlier because it would have been "premature." Nonetheless, plaintiff seeks to recover the same medical expenses here as she sought in her earlier action, though they had not been incurred at that time.
 
 
 10
 ............................................................
 
 
 11
 ....................
 
 
 12
 * * *
 
 
 13
 The fact that Plaintiff had neither actually incurred the medical expenses at issue nor exhausted her administrative remedies at the time of the first action should not entitle her to a second bite at the apple when the first action involved a determination of her rights under the policy.
 
 
 14
 Regarding the sanction, the district court ruled that "a reasonable attorney would not have filed the second complaint" because it was apparent that it was barred by claim preclusion.
 
 
 15
 This timely appeal followed. On January 22, 1992, this court affirmed the district court's ruling in AUL I.
 
 ANALYSIS
 I. Claim Preclusion
 A. Standard of Review
 
 16
 The dismissal of a suit based on claim preclusion is reviewed de novo. Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992); E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1287 (9th Cir.1992).
 
 B. Discussion
 1. The Harris Four-Factor Test
 
 17
 In the Ninth Circuit, the claim preclusive effect of a prior judgment is analyzed by inquiring:
 
 
 18
 (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.
 
 
 19
 Harris v. Jacob, 621 F.2d 341, 343 (9th Cir.1980).
 
 
 20
 The "same transactional nucleus of facts" factor is the most important and the least susceptible of coherent definition. Id.
 
 
 21
 Alleging a different legal theory and seeking a different remedy does not establish a new cause of action. In McClain v. Apodaca, 793 F.2d 1031 (9th Cir.1986), plaintiff sold his business. Dissatisfied with the sale, he sued and agreed to a $50,000 exercise of the contractual buy-back provision. He failed to appear with the money and his complaint was dismissed with prejudice. He later sued on a breach of contract theory and sought damages rather than an exercise of the buy-back provision. The court held that the new legal theory and remedy did not change the unitary nature of the cause of action. The breach of contract established plaintiff's rights and was the basis for all transactional facts. Similarly, in Costantini v. Trans World Airlines, 681 F.2d 1199 (9th Cir.), cert. denied, 459 U.S. 1087 (1982), the court held that one new factual allegation and a new legal theory would not establish a new cause of action to avoid claim preclusion. Plaintiff alleged that TWA had interfered with his business relationship with his employees by spreading unfounded rumors about his travel agency businesses. This claim was dismissed. Later, plaintiff discovered a previously unknown and allegedly defamatory letter by TWA and filed suit under the theory that TWA interfered with his ability to get the approvals necessary to sell international airline tickets. The new suit was barred. While the new fact and legal theory changed the case, the central part of the suit remained the legal effect of TWA's actions on the plaintiff's rights. In C.D. Anderson & Co. v. Lemos, 832 F.2d 1097 (9th Cir.1987), the court ruled that new 10b-5 and RICO allegations did not overcome the claim preclusive effect of an arbitration award against a stock broker.
 
 
 22
 A claim based on different rights and established by different transactional facts will be a different cause of action, even if the remedy sought is substantially similar to the prior, unsuccessful cause of action. In Harris v. Jacob, 621 F.2d 341 (9th Cir.1980), an inmate filed a habeas corpus petition in state court alleging that he was denied adequate medical care. The state court ruled that his treatment was constitutionally adequate. In a civil rights action filed in federal court, the inmate alleged that he had a right to choose his own physician under state law. The court found that these allegations set out a different cause of action from the constitutional claims made in state court. While expressing reservation about the merits of the claim, the court ruled that the basis of the rights and the factual evidence were sufficiently distinct.
 
 
 23
 2. AUL I and AUL II Are the Same Cause of Action
 
 
 24
 Under the four-factor test from Harris, AUL I and AUL II are the same cause of action. First, a verdict for the plaintiff in AUL II would defeat the result of AUL I. While Allstate would retain the general ruling that rights do not vest under Allstate's standard policy, Allstate would be required to pay the same medical expenses it contested in AUL I. Second, substantially similar evidence would be presented at both trials. Both AUL I and AUL II present primarily legal arguments about vested rights and termination provision amendments respectively. To the extent that they involve factual issues, both require proof that Aul became ill under the policy coverage, that she incurred medical expenses after the termination of the policy, and that the expenses were related to her illness. Although the specifics of the proof required are slightly different under the two legal theories, the core issues of proof remain the same. Third, the two suits involve infringement of the same core rights. The rights and responsibilities of the parties are entirely defined by the policy as modified by applicable law. When Aul presented a facial challenge to the contract on a vested rights theory, she was required to present all of her legal theories of recovery under the contract.
 
 
 25
 Finally, and most importantly, both suits involve the same transactional nucleus of operative facts. The core of the complaint in both cases was that Allstate retained a duty to pay Aul's medical expenses after termination of the policy. AUL II changes the legal theory of recovery and asserts that Allstate denied the claim under the termination provision. Costantini v. Trans World Airlines stands for the proposition that a change in legal theory and an additional factual allegation will not create a new cause of action if the core factual issues remain the same. Costantini, 681 F.2d at 1202. We conclude that AUL II revolves around the same nucleus of fact as AUL I. Although, claim preclusions cases "cannot be determined precisely by mechanistic application of a simple test", Abramson v. University of Hawaii, 594 F.2d 202, 206 (9th Cir.1979), the claims made in AUL II are precluded by the prior determination of rights under the policy in AUL I.
 
 II. Rule 11 Sanctions
 A. Standard of Review
 
 26
 An appellate court reviews all legal and factual issues in a Rule 11 sanction order for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990) (rejecting the tiered approach).
 
 B. Discussion
 
 27
 Aul's counsel opposes the imposition of sanctions by arguing that counsel filed AUL II in good faith to protect his client's rights. Allstate correctly responds that the standard for a frivolous filing under Rule 11 is an objective one. An attorney may be sanctioned if the cause of action is "frivolous, legally unreasonable, or without factual foundation, even though ... not filed in subjective bad faith." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir.1986). If a competent attorney after reasonable inquiry could not make a plausible argument for the legal position, it is frivolous. Id. at 833. Filing a suit that is dismissed under claim preclusion may form the basis for sanctions if this standard is met. Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 652-53 (9th Cir.1988).
 
 
 28
 Although we are mindful of the deference given to district judges in imposing Rule 11 sanctions, we reverse the award in the present case. A reasonable attorney could make a plausible argument that AUL II was a separate cause of action from AUL I under the Harris factors. Furthermore, footnote 3 of the final order in AUL I contains an ambiguity that could be misread by a reasonable attorney. The footnote either restates the implicit holding of the order that the termination provision provides the sole avenue of recovery for expenses incurred after termination or attempts to define the preclusive scope of the order. The correct reading depends on whether "this" refers to the policy or the order. While an ambiguity does not alter the established rules of claim preclusion, it can inform our analysis of the conduct of a reasonable attorney. Allstate's request for Appellate Rule 38 sanctions for this appeal is also rejected.
 
 
 29
 The decision of the trial court is AFFIRMED on claim preclusion and REVERSED on sanctions.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Aul contends that this amendment is invalid under California law. Allstate contends that Illinois law applies and that the second extension provision is valid under Illinois law. Because the district court dismissed Aul's suit on the grounds of claim preclusion, these arguments were not reached