40 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry B. BALISOK, Plaintiff-Appellant,
v.
Chase RIVELAND, Secretary Department of Corrections,
Defendant-Appellee.
 No. 94-35538.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 21, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry B. Balisok, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of defendants in Balisok's 42 U.S.C. Sec. 1983 action alleging that prison officials violated his Right to Privacy and his First Amendment and Due Process rights. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo the district court's summary judgment, see Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 During his incarceration at Washington State Penitentiary, Balisok wrote to former United States Senator Daniel Evans, alleging that he was erroneously convicted. Senator Evans forwarded a copy of the letter to Senator Gorton who forwarded it to defendant Riveland and asked for information relating to Balisok's case. Defendant Robinson-Martin responded to Senator Gorton's inquiry by informing him that Balisok had been convicted of attempted first degree murder and also had been charged with arson.
 
 
 4
 Balisok contends that defendants violated his Right to Privacy and his Due Process rights by improperly disclosing his criminal history information to Senator Gorton. Balisok also contends that defendants interfered with his First Amendment right to petition the government for redress of grievances. These contentions lack merit.
 
 
 5
 First, Balisok's Right to Privacy claim fails because the criminal history information disclosed by Robinson-Martin was obtained from public court records. See Paul v. Davis, 424 U.S. 693, 713 (1976) (right to privacy did not protect arrestee from disclosure of record of his arrest).
 
 
 6
 Second, Balisok's Due Process claim fails because injury to reputation alone does not result in the deprivation of a liberty or a property interest protected by the Due Process clause of the Fourteenth Amendment. Id.; Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir.1986). Moreover, the disclosure of Balisok's criminal history occurred as a direct result of Balisok's own request that Senator Gorton investigate Balisok's allegedly erroneous conviction. Accordingly, we find meritless Balisok's contention that defendants violated his constitutional rights by improperly disclosing his criminal history information.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees request sanctions on appeal pursuant to Fed.R.App.P. 38. We have discretion to impose sanctions on the appellant if an appeal is frivolous. Id. An appeal is frivolous when the result is obvious and the arguments of error are wholly without merit." Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 653 (9th Cir.1988). Although we find Balisok's appeal meritless, we decline to impose sanctions