91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth W. LEAMING, Plaintiff-Appellant,
v.
Mary Ann OTTINGER; Robert McSeveney; Karli Jorgenson;
King County Jail; King County; John Doe; City
of Issaquah, Defendants-Appellees.
 No. 95-36087.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth W. Leaming appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action seeking monetary damages for unlawful arrest and confinement against two King County judges, a prosecutor, two police officers, King County, the King County Jail, and the City of Issaquah. We review de novo the district court's dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir.1988). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We may affirm the district court on any basis supported by the record. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 A. Defendants McSeveney and Ottinger
 
 4
 Leaming's complaint alleges his constitutional rights were violated by Judge Pro Tem McSeveney who, at defendant Jorgensen's request, ordered Leaming be taken into custody. Leaming's complaint also alleges that Judge Ottinger "had no authority as a judge to initiate an accusatory pleading." Because the actions the judges allegedly took fell within their jurisdiction, McSeveney and Ottinger are entitled to absolute immunity from suit. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986).
 
 B. Defendant Jorgenson
 
 5
 Leaming contends that Jorgenson, a prosecutor for the City of Issaquah, violated his constitutional rights by requesting that Judge McSeveney order Leaming to be taken into custody during Leaming's hearing on his motion to quash. Because Jorgenson was conducting herself within the scope of her duties as a prosecutor, Jorgenson is entitled to absolute immunity from suit. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir.1984), cert. denied, 469 U.S. 1127 (1985).
 
 C. Defendants John Doe # 1 and John Doe # 2
 
 6
 Leaming contends that John Doe defendants, "Issaquah Police Officers," violated his constitutional rights when they obeyed Judge McSeveney's order to take Leaming into custody. Because they were executing a facially valid court order the Doe defendants were entitled to absolute quasi-judicial immunity. See Coverdell v. Department of Social and Health Serv., 834 F.2d 758, 764-65 (9th Cir.1987); see also Roland v. Phillips, 19 F.3d 552, 557 (11th Cir.1987) ("Whether a valid judicial order is verbal or written, an executing law enforcement official is protected by absolute quasi-judicial immunity.").
 
 
 7
 D. Defendants King County, King County Jail, City of Issaquah
 
 
 8
 Leaming's complaint alleges that King County had a "policy and custom of wrongfully arresting and imprisoning, and ratifies and condon[e]s actions of Respondent Ottinger, McSeveney, and Jail." Leaming's complaint also alleges that the City of Issaquah was "responsible for creating policies and customs to be implemented by it's entity the Issaquah Police Department and the City of Issaquah Prosecutor." A local government can be sued directly under section 1983 only if the alleged unconstitutional activity is inflicted pursuant to an official government custom or policy. See Monell v. Department of Social Services, 436 U.S. 658, 690-94 (1978). Because the individual defendants were either exercising independent judicial authority or quasi-judicial authority, there can be no liability on the part of these city and county defendants. See id.; see also Eggar v. City of Livingston, 40 F.3d 312, 314-15 (9th Cir.1994), cert. denied, 115 S.Ct. 2566 (1995) (municipal judge acting in judicial capacity to enforce state laws does not act as municipal official or lawmaker for purposes of section 1983 liability).
 
 E. Leave to Amend
 
 9
 Because leave to amend would be futile as to all of the defendants, the district court did not err by failing to allow Leaming leave to amend his complaint. See Noll v. Carlson, 809 F.2d 1146, 1148 (9th Cir.1987).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3