Narvelle M. EDMONSON, Plaintiff–Appellant,

v.

CITY OF MARTINEZ; Mercy Cabral; Gregory Agresta, Defendants–Appellees.

No. 00–17325.
D.C. No. CV–00–02396–WHA.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2001.*

Decided Aug. 29, 2001.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Narvelle M. Edmonson appeals pro se the district court's dismissal of her 42 U.S.C. §§ 1981 and 1983 and state law claims against the City of Martinez ("City"), Chief of Police Gregory Agresta ("Agresta") and Deputy City Clerk Mercy Cabral ("Cabral") on res judicata, collateral estoppel and witness immunity grounds. Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a dismissal for failure to state a claim. *Mir v. Little Company of Mary Hosp.,* 844 F.2d 646, 649 (9th Cir.1988). In reviewing the motion to dismiss, we presume that the facts Edmonson alleges in her complaint are true. *See id.* We will not dismiss Edmonson's complaint unless it is clear that no set of facts in support of her claims would entitle her to relief. *See id.*

Although Edmonson fails to challenge the district court's conclusions that (1) her claims against the City and Agresta were precluded based on her prior action in the California Superior Court ("state court action"); and (2) Cabral enjoys absolute witness immunity, we exercise our discretion to review the court's decision because the Appellees raise the issues in their brief. *See United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992).

The district court correctly concluded that Edmonson's federal claims against the City and Agresta are precluded based on the doctrine of res judicata. Edmonson's § 1981 and § 1983 claims relate to the same primary rights she sought to vindicate in her state court action. *See*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Mir,* 844 F.2d at 651 (describing res judicata requirements in California). Because these claims are based on the same facts that were alleged in state court, the prior judgment, entered after a general demurrer was sustained, is considered final and on the merits. *See McKinney v. County of Santa Clara,* 110 Cal.App.3d 787, 168 Cal.Rptr. 89, 92 (1980). Adding Agresta as a new defendant in her complaint does not save Edmonson's federal claims because she could have named Agresta in her state court action. *See Mir,* 844 F.2d at 652.

Edmonson's claim that the City defrauded the state court by concealing information is likewise precluded because the ground on which the state court sustained the demurrer in the prior action (one-year statute of limitations expired) is equally applicable to this action. *See McKinney,* 168 Cal.Rptr. at 92. Edmonson did not bring the present action until July 6, 2000, more than one year after the date she assigns to the last alleged injury.

The district court correctly dismissed Edmonson's § 1983 claim against Cabral. Edmonson's unsubstantiated contention that it is unfair to afford witnesses immunity when there are allegations of falsehood is contrary to controlling authority. *See Burns v. County of King,* 883 F.2d 819, 821–23 (9th Cir.1989); *Franklin v. Terr,* 201 F.3d 1098, 1101–02 (9th Cir. 2000).

We need not address Edmonson's request for attorney's fees, pursuant to 42 U.S.C. § 1988, because that claim is dependent upon the success of her § 1981 and § 1983 claims.

Edmonson's state law claims are also barred under the doctrine of res judicata. In general, as with her federal claims, adding Agresta as a defendant does not prevent preclusion. *See Mir,* 844 F.2d at 652.

Res judicata bars Edmonson's claims based on California Civil Code sections 51.7, 52 and 52.1(b), all of which Edmonson raised in state court. Her new factual allegation that her March 3, 1998 letter to the attorney general was a "claim as presented" that satisfied the procedural requirements of the Government Tort Claims Act ("the Act"), Cal. Gov't Code § 900, does not save these claims. First, Edmonson could have presented this argument to the state court. Second, even if Edmonson's letter was a "claim as presented," the Act required that Edmonson file her action within two years of the date her claim accrued, at the latest. *See* Cal. Gov't Code § 945.6. The present action was not filed until July 6, 2000, in violation of the Act.

Edmonson's spoilation of evidence claim, which she raised in state court, is barred on res judicata grounds because it relates to the same primary right and is based on precisely the same facts alleged in her state court complaint. *See McKinney,* 168 Cal.Rptr. at 92.

█ Edmonson's intentional infliction of emotional distress claim is similarly barred because, although not presented in state court, it is based on the same set of facts and could have been litigated at that time. *See id; Mir,* 844 F.2d at 652.

Finally, Edmonson's unsupported argument that as a matter of equity the Full Faith and Credit Clause, 28 U.S.C. § 1738, and the principles of res judicata and collateral estoppel cannot apply to bar claims when due process and public interest are at stake is contrary to controlling case law. *See, e.g., Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 401, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ("There is simply no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.") (internal quotation marks omitted).

Edmonson's request for judicial notice is denied.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.