**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELODIE M. KLEIMAN, | No. 11-56535 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-03628-VBF-VBK |
| v. | |
| WELLS FARGO & COMPANY; NDEX, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Melodie M. Kleiman, an attorney, appeals pro se from the district court's

judgment dismissing her action arising out of foreclosure proceedings. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to

state a claim, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2001), and we affirm.

The district court did not err by considering the motion to dismiss brought by Wells Fargo Bank, N.A., despite the complaint naming Wells Fargo & Company, because documents which were properly subject to judicial notice show that Wells Fargo Bank, N.A., not Wells Fargo & Company, was the real party in interest as the loan holder. *See id.* (when ruling on a motion to dismiss, district court need not "accept as true allegations that contradict matters properly subject to judicial notice"); *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (district court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss" (citation and internal quotation marks omitted)). Thus, we reject Kleiman's contention that the district court violated her due process rights by allowing pleadings to be filed by Wells Fargo Bank, N.A.

Kleinman's contentions regarding the denial of default judgment and a prove-up hearing are unpersuasive.

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

11-56535