NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHRAF NASHED, M.D., | No.   21-55103 |
| Plaintiff-Appellant, | D.C. No. 2:20-CV-09771-RGK-JPR |
| v. | |
| LOS ROBLES HEALTH SYSTEM, LOS ROBLES HOSPITAL AND MEDICAL STAFF, INC., DBA Medical Staff of Los Robles Hospital and Medical Center, MEDICAL EXECUTIVE COMMITTEE OF LOS ROBLES HOSPITAL & MEDICAL CENTER, BOARD OF TRUSTEES OF LOS ROBLES HOSPITAL & MEDICAL CENTER and LOS ROBLES REGIONAL MEDICAL CENTER, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, Presiding

Argued and Submitted November 19, 2021
Pasadena, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  WARDLAW and HURWITZ, Circuit Judges, and BOUGH,** District Judge.

Dr. Ashraf Nashed appeals the district court's dismissal of his action against Los Robles Regional Medical Center, its Board of Trustees, Hospital Medical Staff, Inc., and its Medical Executive Committee (collectively, "Los Robles"), asserting denial of federal due process, 42 U.S.C. § 1983, and violation of California's common law right to fair procedure.  We have jurisdiction under 28 U.S.C. § 1291 and may affirm the district court's dismissal of Dr. Nashed's claims on any grounds supported by the record.  *In re Frontier Props., Inc.*, 979 F.2d 1358, 1364 (9th Cir. 1992).  Reviewing the district court's dismissal de novo, *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013), we affirm.

1.  On appeal, Dr. Nashed does not contend that Los Robles acted under the color of state law when it denied his application for appointment.  His § 1983 claim therefore fails.  *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under [the] color of state law").

2.  The district court did not err in dismissing Dr. Nashed's fair procedure

---

** The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

state-law claim. Under California law, physicians must exhaust all remedies, including judicial review of an administrative decision, before bringing an action for reinstatement or damages. *Westlake Community Hospital v. Superior Court*, 17 Cal. 3d 465, 469 (1976). "Until the . . . [administrative] decision is overturned by a writ of mandate, it is presumed correct and a damage action based on state law may not be maintained." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 651 (9th Cir. 1988). Dr. Nashed's application for reappointment to the Los Robles staff was denied by administrative decision. Therefore, he was required to file a writ of mandamus in state court before bringing this present action and he did not.

Dr. Nashed relies on *Westlake*, which held exhaustion is not required when a hospital deprived the physician of her right to a hearing. However, the exhaustion exception in *Westlake* is inapplicable here because Dr. Nashed's application was denied due to incompleteness. *See* Cal. Bus. & Prof. Code § 809.1; *Powell v. Bear Valley Cmty. Hosp.*, 22 Cal. App. 5th 263, 275 (2018) ("[A] lapse in clinical privileges based on submitting an incomplete application is neither reportable under [Cal. Bus. & Prof. Code §] 805 nor does it trigger the right to a hearing.") Because Dr. Nashed was required to bring an action for writ of mandamus in state court before filing this present action and failed to do so, the district court properly dismissed his fair procedure claim.

**AFFIRMED.**